# D. W. Matthews, assignee of J. W. Woods, plaintiff in error, *vs.* George A. Tally and William S. Tally, defendants in error.

### *Error to Henry.*

The court will refuse to hear proof of any oral agreement between the contending counsellors, to treat the pleadings as amended, when they are not, and to show an issue different from that presented by the pleadings on file.

This was an action of debt, brought by D. W. Matthews assignee of James Weston Woods, against William S. Tally, and George A. Tally, upon a promissory note for $50. The cause was tried at March term 1842, before Judge Mason, and a jury, and a verdict and judgment for defendant. The grounds relied upon by Matthews, plaintiff in error, to reverse the judgment below are embraced in the opinion of the court.

HALL & WOODS, for plaintiff in error.

G. W. TEAS, for defendant in error.

PER CURIAM, MASON, CHIEF JUSTICE.—The record in this case appears very loosely made up, either from the neglect of the clerk or attorneys. The defendant pleaded three pleas, one of *non est factum*,

and two of accord and satisfaction. To the first plea there was a joinder in issue. The second plea was demurred to, the demurrer sustained and the defendant ruled to plead anew, which does not appear ever to have been done. To the third plea there was a replication.— This was demurred to, and the demurrer sustained. The record then states that the plaintiff amended his replication (without stating wherein or how) and issues being joined, thereupon came a jury, &c. As the demurrer to the replication was special, the amendment will be presumed to be merely as to formal defects leaving the substance of the replication as it was originally.

It appears from the bill of exceptions, that the plaintiff's attorney contended that there was a verbal agreement between him and the attorney for the defendants by which it would seem, the old replication to the third plea, to which the demurrer had been sustained, was permitted to remain, with a verbal agreement between the attorneys, that the said replication should be regarded on the trial as traversing the entire plea. An affidavit to that effect, was also filed by the plaintiff's attorney, upon which he moved for a new trial. The court it appears, on the motion for a new trial, refused to hear evidence of the parol agreement of the attorneys, which as alleged, was made a substitute for the amended replication above mentioned, which appears to be the burden of the errors assigned in the case.

In all this there is no error. On these subjects, the District Courts have a right to establish their own rules, and it certainly would be a very proper one, to refuse to hear proof of any verbal agreement between attorneys, which went to vary the effect of a pleading, as set forth upon the record.

The record shows no error of any kind, that we perceive. The only errors urged in the argument, are, those of omission. But if parties will go to trial without a complete record, it will require a stronger case than the present, to induce this court to disturb the verdict rendered thereupon.

Judgment affirmed.